UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW NICHOLS,

    Plaintiff,                                   Case No. 18-14041

vs.                                                  HON. MARK A. GOLDSMITH

WILLIAM DWYER, et al.,

    Defendants.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT (Dkt. 15)**

Plaintiff Matthew Nichols filed his complaint (Dkt. 1) on December 26, 2018, alleging violations of 42 U.S.C. § 1983 and various common law claims based on his being placed on administrative leave at the Warren Police Department. An entry of default was entered against Defendants William Dwyer and the City of Warren on February 11, 2019 (Dkts. 8 & 9). Defendants now seek to have the entries of default set aside. A telephonic hearing on Defendants' motion was held on April 10, 2019. For the reasons that follow, the Court grants Defendants' motion.

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default for "good cause." The Court weighs three factors: (1) whether the plaintiff will be prejudiced from reopening the case; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990).

Defendants argue that there is no prejudice to Nichols from setting the defaults aside, other than delay. Defs. Mot. at 19. Nichols contends that he has struggled financially since being

1

suspended, and that his reputation in the community has been damaged. Pl. Resp. at 20-21 (Dkt. 17). This amounts to an argument that a delay will prejudice him, but delay alone does not establish prejudice. INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987).

As for the second factor, Defendants argue that they have a meritorious defense because Nichols' claims are predicated upon his being terminated without due process, but Nichols is on administrative leave and has not yet been served with charges or disciplined. Defs. Mot. at 20. They also argue that Nichols' claims are subject to dismissal under Federal Rule of Civil Procedure 12 and/or 56. Id. at 20-24. Nichols responds that Defendants have destroyed evidence that exculpates him in the underlying investigation, Pl. Resp. at 23-25, but it is not clear how this allegation relates to the issue presently before the Court. Nichols is in possession of the supposedly exculpatory audio recordings – indeed, he attached them to his response, see Exs. 23 & 24 – and he does not explain how they negate Defendants' arguments of meritorious defenses. "In determining whether a defaulted defendant has a meritorious defense likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845(6th Cir. 1983) (internal citations and quotations omitted). Defendants have done so.

As for the third factor, there was no culpable conduct on the part of Defendants that led to the default. Defendants maintain that their understanding, pursuant to a phone call on January 15, 2019 and emails exchanged on January 16, 2019, was that the parties had an agreement for Defendants to file an answer or responsive pleading following facilitation. See 1/16/2019 Email, Ex. 1 to Defs. Mot. (Dkt. 15-2) (Plaintiff's counsel agreeing to an extension until "February 15th, or a later date if time is needed based upon the progress being made in trying to resolve this

matter"). Plaintiff's counsel appears to deny that such a phone conversation took place, and says that his email of January 30, 2019 revoked this extension. See 1/30/2019 Email, Ex. 7 to Defs. Mot. (Dkt. 15-8) ("I will agree to a stip and order giving you until next week Friday to file your motion to dismiss."). But, rightly or wrongly, Defendants' counsel believed as of February 8, 2019 that the original extension was still in place. See 2/8/2019 Email, Ex. 7 to Defs. Mot. ("Finally, we need to get an agreement on how we are moving forward in this case . . . I proposed that we submit a stipulation allowing 21 days for responsive pleadings if the case does not resolve at Mediation."). At worst, then, this was a misunderstanding between counsel about the nature of their agreement, which is insufficient to constitute culpable conduct. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986). That standard is not met here.[1]

Because the three factors above demonstrate good cause for setting aside the default, the Court grants Defendants' motion to set aside the entries of default. Defendants shall file a responsive pleading on or before April 29, 2019.

SO ORDERED.

Dated: April 15, 2019          s/Mark A. Goldsmith
      Detroit, Michigan         MARK A. GOLDSMITH
                                           United States District Judge

---

[1] Nichols also refers to the alleged destruction of evidence in connection with this prong, saying that "the Defendant by destroying evidence have [sic] demonstrated culpable conduct which led to the default." Pl. Resp. at 27. Defendants call this allegation "absurd," Defs. Reply at 5 (Dkt. 21), and point out that Nichols possesses the audio recordings that he accuses Defendants of destroying. Whether or not the recordings were destroyed, such alleged destruction has nothing to do with the default.