UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW NICHOLS,

    Plaintiff,

vs.

WILLIAM DWYER, et al.,

    Defendants.
_____/

Case No. 18-14041

HON. MARK A. GOLDSMITH

## OPINION & ORDER
## DETERMINING THE AWARD OF SANCTIONS

The Court previously granted in part and denied in part Defendants' motion for sanctions (Dkt. 82). Pursuant to 28 U.S.C. § 1927, the Court held that sanctions would be awarded against Plaintiff's counsel, Jamil Akhtar, for bringing Fifth Amendment claims he should have known were frivolous. Sanctions were also sought, but not awarded, with respect to equal protection claims, due process claims, and state law claims. Defendants were directed to file a declaration, documentation, and brief concerning the appropriate amount of the sanctions. Akhtar was permitted to respond.

As a general matter, district courts use the "lodestar" method to calculate fees, which requires courts to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). However, as Defendants observe, "the goal of 28 U.S.C. § 1927 is not to make a party whole, but to deter and punish." Tilmon-Jones v. Boladian, 581 F. App'x 493, 498 (6th Cir. 2014). This has led the Sixth Circuit to uphold awards that are "substantially less than the full amount of fees and costs incurred" by parties forced to oppose sanctionable motions and pleadings. Id.

1

Defendants seek $6,737.50 in fees and $18.51 in costs. They submitted billing records for the time that attorneys Raechel Badalamenti and Robert Carollo spent on filing motions to dismiss the complaint and the first amended complaint, as well as time spent briefing the motion for sanctions and preparing the documentation concerning the fee amount. They multiplied the hours actually spent on that work by their hourly billing rates. For Badalamenti, this meant multiplying 36 hours by a billing rate of $250 per hour. For Carollo, this meant multiplying 87.5 hours by a rate of $190 per hour. The sum of these products was $30,625. Their billing records did not distinguish between time spent briefing each argument in each brief; therefore, the time spent addressing the frivolous claims could not easily be distinguished from the time spent addressing the non-frivolous claims. Defendants multiplied $30,625 by .22, to account for the fact that two out of the nine claims brought were found worthy of sanctions.

Akhtar's response (Dkt. 85) completely misses the mark. He does not challenge the amount of time spent on the tasks for which Defendants seek compensation, nor their hourly rates. He spends much of his brief attempting to relitigate issues decided in the opinion awarding sanctions. His argument is not persuasive, nor is it appropriate in the context of this round of briefing, which was limited to setting the correct amount of the award. He spends the remainder of his brief arguing that Defendants should not be compensated for work performed on their first motion to dismiss, which was denied without prejudice when he filed an amended complaint.

However, there is no basis to his argument. The § 1927 award was premised on the fact that both complaints Akhtar drafted advanced frivolous Fifth Amendment claims. The first motion to dismiss did what Akhtar's own research should have done: informed him that those claims were meritless. Had he incorporated that information into his thinking while drafting the amended

complaint, he might have avoided sanctions altogether. Instead, he repeated his frivolous claims, necessitating further unnecessary labor by Defendants' counsel. There is no reason why the work performed on the first motion to dismiss should not be compensated.

With that said, Defendants are not entitled to the full amount requested. Defendants cite Bynum v. Mich. State Univ., 117 F.R.D. 94, 102 (W.D. Mich. 1987), to support their "fractional approach." Mem. at 4 (Dkt. 84). While Bynum similarly addressed a circumstance where it was impossible to accurately determine the exact degree to which opposing counsel's sanctionable errors contributed to defendants' costs and fees, it did not use anything like the "fractional approach" Defendants propose, where total fees are discounted proportionally to the number of claims deemed sanctionable. Quite to the contrary, it imposed a sanction that was "by necessity not too closely tied to defendants' fees and costs." Bynum, 117 F.R.D. at 102. Furthermore, the court "[could not] help noting the irony that it apparently took defense counsel $19,000.00 worth of billable legal time to prepare a motion and brief to dismiss a suit they now characterize as 'frivolous and groundless.'" Id. at 102 n.3. Consequently, the court imposed a sanction that it thought would adequately deter counsel's inappropriate conduct, without making an effort to tie the amount of the sanction to the fees and costs the opposing party incurred as a result of the sanctionable conduct. Id. at 102.

Here, the Court follows the approach of trying to make Defendants' relatively whole for the unnecessary work triggered by opposing counsel's inappropriate conduct, which the Court believes will serve as an adequate deterrent. See Tilmon-Jones, 581 F. App'x at 497. Compared to the Bynum defendants' request, Defendants' request is modest and substantially attempts to account for the fact that Defendants are only entitled to a portion of the fees incurred in defending this lawsuit. But like the Bynum court, this Court notes that defense counsel could not reasonably

3

have spent a proportionate amount of time addressing the frivolous claims as it spent addressing the other claims in this case. Accordingly, having considered the obvious nature of the defect and the limited briefing devoted to exposing it, the Court determines that a reasonable expenditure of time on the motions to dismiss would have been four hours—two for research, and two for drafting and editing.

With respect to the motion for sanctions and the post-opinion briefing, Defendants are entitled to compensation for a greater number of hours. Sanctions principles are not as easily researched, analyzed, and briefed as are the merits of frivolous claims. The latter takes typically less work because the legal defects on the merits should be obvious. The former, however, covers more nuanced principles and application regarding more debatable propositions like the reasonableness of hours and rates. Focusing solely on the sanctions research and drafting, and the time needed to gather bills and try to isolate work on the sanctionable claims, the Court concludes that Defendants are entitled to compensation for 20 hours of work, 10 for research and 10 for drafting and editing.

In total, Defendants are entitled for compensation for 12 hours of research, and 12 hours of drafting and editing. The full amount of the research, as well as 75% of the drafting, could reasonably have been performed by an associate with Carollo's experience, while a partner of Badalamenti's experience would be expected to perform 25% of the writing and editing.

As for rates, Akhtar takes no issue with Carollo's and Badalamenti's respective rates of $190 per hour and $250 per hour. Both rates seem reasonable, based on Badalamenti and Carollo's experience, see Decl. at 2–3 (Dkt. 83); the skill exhibited by their briefing; and the State Bar of Michigan 2020 Economics of Law Practice in Michigan (Dkt. 84), see, e.g., Wallace v. Oakwood

4

Healthcare, Inc., 954 F.3d 879, 899 (6th Cir. 2020) (approving the use of the Economics of Law Practice of Michigan survey in determining a reasonable hourly rate).

Therefore, Defendants are entitled to $4,740 for fees. The Court believes this is the appropriate sanction for the amount of unnecessary work Defendants were forced to perform by Akhtar's frivolous pursuit of a Fifth Amendment claim, and that it will deter such conduct in the future.

Finally, Defendants seek $18.51 in costs, which Akhtar does not oppose. Therefore, $18.51 are awarded in costs. Akhtar is ordered to pay Defendants $4,740 in fees and $18.51 in costs, for a total award of $4,758.51.

SO ORDERED.

Dated: July 30, 2021  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge